**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRIAN ARVANS, | : |
| | :    Case No.: 1:20-cv-06570 |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DEPOSITORS INSURANCE COMPANY, | : |
| | : |
|     Defendant. | : |

**DEFENDANT DEPOSITORS INSURANCE COMPANY'S**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**I.**     **Introduction.**

Defendant Depositors Insurance Company ("Depositors") and other Illinois insurers voluntarily have provided Illinois auto policyholders with premium refunds during the pandemic. Depositors, in particular, provided its Illinois auto policyholders with a $50 refund (approximately an average savings of 15 percent for two months). Plaintiff, a Depositors policyholder, is unhappy with the amount of the premium refund. He alleges that the premiums charged by Depositors are "grossly excessive" in light of the reduced number of miles being driven by Illinois residents during the pandemic, and that, as a result, the premium refund amount was "unfair" and "inadequate." Plaintiff, however, fails to identify any contractual, statutory or regulatory obligation requiring Depositors to refund any premium whatsoever, let alone a refund in some unidentified, greater amount.

Unable to identify any such legal obligation – and there is none – Plaintiff resorts to making several baseless claims. Plaintiff, for example, alleges in conclusory fashion that the amount of the refund is "unfair" and "deceptive" in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). Plaintiff's ICFA claim, however, is subject to the heightened

pleading standards of Rule 9(b) and accordingly, Plaintiff must allege specific facts regarding the alleged deceptive acts or practices. Here, Plaintiff fails to identify any representation or omission that is deceptive in any way, fails to identify anything he would have done differently if he had known of the alleged deception, and fails to identify any damages that he has incurred. The Seventh Circuit and Illinois courts repeatedly have rejected similarly vague and conclusory allegations from policyholders and consumers that premiums or other prices are too high. *See, e.g., Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 739 (7th Cir. 2017) (rejecting policyholder's assertion that defendant insurer engaged in a deceptive act by raising policy premiums).

Plaintiff next asserts a claim for fraud, which is also subject to Rule 9(b)'s heightened pleading standard. Again, Plaintiff fails to allege any way in which any statement of Depositors is false, fails to allege Depositors believed any of its statements to be untrue, fails to allege he relied on any false statement, or that any such reliance resulted in any damages to himself. In other words, Plaintiff fails to allege several of the most basic elements of a fraud claim, and in any event, the allegations he does make are conclusory and unsupported by any actual facts.

Plaintiff's remaining claims also are meritless. Plaintiff's claim for "bad faith" breach of contract, for example, fails on multiple grounds because Illinois does not recognize any such claim in the context of insurance disputes, Plaintiff does not even bother alleging any particular contract provision that allegedly was breached, and Plaintiff fails to identify any conduct that amounts to "bad faith." Plaintiff's unjust enrichment claim likewise fails on multiple grounds because it is not available where, as here, there is a specific contract – the insurance policy – that governs the parties' relationship, and where, as here, the alleged unjust enrichment is derivative of Plaintiff's underlying fraud and ICFA claims. In sum, Plaintiff's claims are nothing more than a series of baseless and

conclusory allegations unsupported by facts or law. All of Plaintiff's claims should be dismissed with prejudice.

Irrespective of Plaintiff's pleading failures, Plaintiff's claims also can be dismissed pursuant to the filed-rate doctrine. Under the filed-rate doctrine, Plaintiff may not challenge insurance rates that are filed with the Illinois Department of Insurance ("DOI"). *See Schilke v. Wachovia Mortg.*, *FSB*, 820 F.Supp.2d 825, 835 (N.D. Ill. 2011). As discussed further below, insurers are required to file their rates with the DOI and maintain rate data for review by the DOI. Illinois law also prohibits rebates of insurance premiums, and the DOI provides guidance to insurers regarding whether certain actions constitute an impermissible rebate. *See* 215 ILCS 5/151 ("Payment or acceptance of rebates prohibited").

Consistent with this regulatory background, the DOI has been monitoring insurers' premium refund proposals during the pandemic and has required those proposals to be filed with the DOI. Depositors has done so with its premium refund proposal and, after review, the DOI marked the proposal as "closed" without objection. Plaintiff, however, now seeks to bypass the DOI's review of Depositors' premium refund proposal and is seeking to impose a different premium refund/rate through this lawsuit. The filed-rate doctrine prohibits Plaintiff from doing so.

Accordingly, as discussed further below, Plaintiff's claims should be dismissed as a matter of law.

## II. Background.

### A. Complaint Allegations.

The Complaint alleges Plaintiff is an Illinois resident and a "current auto insurance policyholder" with Depositors. Compl. ¶ 3. That is the full extent of factual allegations relating to Plaintiff. The Complaint, for example, contains no further allegations regarding Plaintiff, his

3

insurance policy, any alleged representations made to him, any reliance by Plaintiff on any alleged representations, or any alleged damages.

The Complaint alleges that miles driven by Illinois residents dropped by varying percentages as a result of the "COVID-19 crisis" and the related governmental orders closing nonessential businesses. Compl. ¶¶ 16-18. The Complaint further alleges this reduction in miles driven led to a reduction in insurance claims. This reduction in claims, in turn, allegedly caused the premiums charged by Depositors to be "grossly excessive." *Id.* ¶ 19.

The Complaint admits that Depositors gave its Illinois auto policyholders a premium refund of $50 per policy, which Depositors indicated "is equivalent to an average savings of 15 percent for two months." Compl. ¶¶ 25, 49. The Complaint alleges, however, that the $50 refund was "unfair" and "inadequate," and that another Illinois auto insurer gave its policyholders "a 25% credit on premiums for the period from March 20, 2020 to May 31, 2020." *Id.* ¶¶ 23, 25.

The Complaint fails to identify any contractual, statutory or regulatory obligation of Depositors to provide a refund to Plaintiff. Nonetheless, the Complaint asserts claims for declaratory relief, violation of the ICFA, common law fraud, bad faith breach of contract, and unjust enrichment. The Complaint also purports to seek certification of a class of Illinois residents who were auto insurance policyholders of Depositors as of March 1, 2020. *Id.* ¶ 27.

B. **Motion To Dismiss Standards.**

Rule 12(b)(6) permits motions to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, Plaintiff must allege facts that, if accepted as true, are sufficient to state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That standard is met only by factual allegations that "allow[ ] the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* (citation omitted).

Furthermore, Plaintiff's fraud and ICFA claims are subject to the heightened pleading standards of Rule 9(b). *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In the Seventh Circuit, to plead with particularity generally means that a plaintiff must plead "the who, what, when, where, and how of the fraud." *See, e.g.*, *Camasta*, 761 F.3d at 737 (citation omitted).

### III. Argument.

#### A. Plaintiff's ICFA Claim Fails As A Matter Of Law.

Plaintiff asserts a claim for violation of the ICFA in Count II of the Complaint. Generally, the elements of an ICFA claim are: "(1) the defendant undertook a deceptive act or practice; (2) the defendant intended that the plaintiff rely on the deception; (3) the deception occurred in the course of trade and commerce; (4) actual damage to the plaintiff occurred; and (5) the damage complained of was proximately caused by the deception[.]" *Toulon v. Cont. Cas. Co.*, 877 F.3d 725, 739 (7th Cir. 2017). Plaintiff either has failed to allege these elements or provides nothing more than unsupported, conclusory allegations in violation of Rule 9(b).

First, Plaintiff has failed to allege a deceptive act or practice. Generally, Plaintiff alleges that "In making its offer of premium relief, Depositors concealed from its Illinois auto policyholders, or omitted to share with such policyholders, the inadequacy and unfairness of that offer." Compl. ¶ 38. Plaintiff, however, fails to allege how the Plaintiff's premium refund was "inadequate" or "unfair." At best, Plaintiff simply disagrees with the amount of refund that was

provided. The Seventh Circuit and Illinois courts repeatedly have rejected similarly vague and conclusory allegations from policyholders and consumers that premiums or other prices are too high. *Toulon*, 877 F.3d at 739 (rejecting policyholder's assertion that defendant insurer engaged in a deceptive act by raising policy premiums); *Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134. 139-140 (S.Ct. Ill. 2002) (rejecting argument plaintiff paid inflated gas prices as a result of deceptive advertising); *Rockford Mem'l Hosp. v. Havrilesko*, 368 Ill.App.3d 115, 124 (Ill. App. 2006) (allegation of "unconscionably high prices is not, by itself, unfair within the meaning of the Act"); *see also Cmty. Bank of Trenton v. Schnuck Markets, Inc.*, 887 F.3d 803, 822 (7th Cir. 2018) (plaintiff cannot rely on a "generalized 'market theory' of causation" claiming the defendant "inflate[d] the cost of its product" and "misled consumers").

Second, Plaintiff ignores entirely the fact that Depositors had no legal obligation whatsoever to refund any premium to Plaintiff. Plaintiff, for example, fails to identify any contract provision, statute or regulation that required a refund be given. There are none. Rather, in Illinois, insurers "are free to establish rates in response to their independent assessments of economic and market conditions[.]" *Corbin v. Allstate Corp.*, 2019 IL App (5th) 170296 at ¶ 12. Furthermore, it is a black-letter principle of insurance law that an insured is not entitled to a return of premium simply because the insured-against risk did not materialize:

> an insured may not have any part of his or her premium returned once the risk attaches, even if it eventually turns out that the premium was in part unearned. This rule is based upon just and equitable principles, for the insurer has, by taking upon itself the peril, become entitled to the premium.

5 Couch on Ins. § 79:7 (3d Ed. 2014). Numerous courts have followed this black-letter law. *See Euclid Nat'l Bank v. Fed. Home Loan Bank Bd.*, 396 F.2d 950, 951 (6th Cir. 1968) (recognizing the well-settled rule that "an insured may not have any part of his premium returned once the risk

attaches"); *Monteleone v. Auto Club Group*, 13-CV-12716, 2015 WL 71915 (E.D. Mich. Jan. 6, 2015) (same); *Humana Health Care Plans v. Snyder–Gilbert*, 596 N.E.2d 299 (Ind.Ct.App.1992) (policyholder was not entitled to premium refund paid for health insurance even though medical claims were significantly less than the premiums paid); *James R. Soda, Inc. v. United Liberty Life Ins. Co.*, 24 Ohio St.3d 188, 494 N.E.2d 1099, 1100 (Ohio 1986) (insured was not entitled to return of any part of the premium absent statutory or contractual provision to the contrary). Accordingly, there was no deceptive act or practice because Depositors had no obligation to refund any premium in the first instance.

Third, in order to state an ICFA claim based on concealment, Plaintiff must allege that the omitted information was material, *i.e.*, that he "would have acted differently had [he] been aware of" the omitted information. *Toulon v. Cont. Cas. Co.*, 877 F.3d 725, 740 (7th Cir. 2017). Here, Plaintiff does not allege that he saw any of Depositors' alleged statements, let alone that he would have acted differently if he had known the statements were deceptive. Courts routinely dismiss ICFA claims under these circumstances. *Id.* ("the Complaint does not include an affirmative statement that, had she known about the premium increase in advance, Toulon would not have bought the Policy"); *Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134. 154-155 (S.Ct. Ill. 2002) ("Because plaintiff does not allege that he saw, heard or read any of defendant's ads, plaintiff cannot allege that he believed that he was buying gasoline which benefited the environment or improved engine performance"); *Commonwealth Ins. Co. v. Stone Container Corp.*, 351 F.3d 774, 779 (7th Cir. 2004) ("There is no evidence that IRI told Stone to depend on the publication, and Stone fails to establish that it relied on the brochure in lieu of, for example, reading the language of the insurance policy").

Fourth, Plaintiff has failed to allege actual damages proximately caused by any alleged deception. The "element of actual damages 'requires that the plaintiff suffer actual pecuniary loss.'"

7

*Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014). Here, Plaintiff fails to allege any actual pecuniary loss, let alone any loss caused by any act of Depositors. In sum, Plaintiff's ICFA claim should be dismissed as a matter of law.

### B. Plaintiff's Fraud Claim Fails As A Matter Of Law.

Plaintiff asserts a claim for common law fraud in Count III of the Complaint. Under Illinois law, the elements of a fraud claim are "(1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to that person's injury." *Cramer v. Ins. Exchange Agency*, 174 Ill.2d 513, 527, 528 (S.Ct. Ill. 1997). Plaintiff has failed to plead the requisite elements of a fraud claim.

First, Plaintiff has failed to identify any false statement of material fact. The Complaint only identifies the following statements allegedly made by Depositors:

- "[I]n statements posted on its website . . . Depositors . . . offered a one-time premium refund of $50 per policy for personal auto policies active as of March 31, 2020." Compl. ¶ 25.

- "Depositors expressly represented to its Illinois auto policyholders that 'our focus is on our members, not shareholders. We balance doing what's right for our members while maintaining our position of financial strength to ensure we deliver on our promises to our members.'" Compl. ¶ 49.

- Depositors "stated that the 'one-time payment of $50 per policy . . . is equivalent to an average savings of 15 percent for two months.'" *Id.*

8

Plaintiff fails to allege any way in which any of these specific statements is false. Instead, Plaintiff merely alleges that the size of the $50 refund was somehow "inadequate" or "unreasonable." Compl. ¶ 25. Plaintiff's personal views regarding the size of the refund, however, do not render Depositors' alleged statements false.

Second, Plaintiff has failed to allege that Depositors believed any of these specific statements to be untrue. In fact, there is no such allegation anywhere in the Complaint.

Third, Plaintiff has failed to allege that he had a right to rely on the alleged Depositors' statements. Again, there is no such allegation anywhere in the Complaint. Furthermore, Plaintiff's fraud claim is premised on the allegation that Depositors "concealed" or "omitted" from policyholders the "unfairness" of the $50 refund. *See* Compl. ¶¶ 47, 48. Under Illinois law, a claim for fraudulent concealment only exists where there is a fiduciary or other special relationship of trust between the parties. *Toulon v. Cont. Cas. Co.*, 877 F.3d 725, 737 (7th Cir. 2017). As the Seventh Circuit has held, however, "no fiduciary relationship exists between an insurer and an insured" under Illinois law. *Id.*

Fourth, Plaintiff has failed to allege that he relied on Depositors' statements or that any such reliance resulted in any damages to Plaintiff. Plaintiff, for example, fails to allege that he – or any other policyholder – took or did not take any actions based on Depositors' statements. Plaintiff simply fails to plead any facts whatsoever regarding the element of reliance.

Lastly, as with Plaintiff's ICFA claim, his fraud allegations must be pled with specificity. *See* Fed. R. Civ. Pro. 9(b); *see also Cramer* at 528 ("the essential elements of fraud must be pleaded with specificity"). Here, Plaintiff has not pled his claims with specificity, and accordingly, his fraud claim should be dismissed as a matter of law.

### C. Plaintiff's Bad Faith Breach Of Contract Claim Fails As A Matter Of Law.

Plaintiff asserts a claim for "bad faith" breach of contract in Count IV of the Complaint. The Illinois Supreme Court, however, has held that "bad faith" breach of contract is not an available remedy in insurance disputes, particularly in light of the extensive Illinois statutory regime providing remedies to insureds. *See Cramer v. Ins. Exchange Agency*, 174 Ill.2d 513, 527 (S.Ct. Ill. 1997) ("To allow a bad-faith action would transform many breach of contract actions into independent tort actions"). To the extent an independent tort action exists, a plaintiff cannot rely on allegations of "bad faith," but instead must "allege[] and prove[] the elements of a separate tort" such as common law fraud. *Id.* Accordingly, there is no independent cause of action for "bad faith" breach of contract.

Furthermore, Plaintiff fails to allege any provision of his insurance policy – the contract at issue here – that allegedly was breached by Depositors. Indeed, Plaintiff has failed to plead any facts establishing any breach of contract whatsoever. This is fatal to Plaintiff's claim. *Burke v. 401 N. Wabash Venture, LLC*, 2010 WL 2330334 at *2 (N.D. Ill. June 9, 2010) ("plaintiff asserts that defendant breached a contract, but plaintiff fails to point to any contract provision that was breached. The Court fails to see how . . . a plaintiff could state a claim for breach of contract without alleging which provision of the contract was breached"); *Cushman & Wakefield, Inc. v. Illinois Nat'l Ins. Co.*, 2015 WL 2259647 at *8 (N.D. Ill. May 11, 2015) (same); *Ronald McDonald House Charities of Chicagoland v. Winning Charities Ill., LLC.*, 2013 WL 5907668 at *5 (N.D. Ill. Nov. 4, 2013) (same).

Lastly, for the reasons already discussed, Plaintiff has not alleged any "bad faith" conduct by Depositors. Conclusory allegations to the contrary are not sufficient to state a claim. *Cramer* at 527 (rejecting bad faith allegations where the "complaint is inartfully drafted and filled with

conclusory language"). Plaintiff's "bad faith" breach of contract claim should be dismissed as a matter of law.

### D. Plaintiff's Unjust Enrichment Claim Fails As A Matter Of Law.

Plaintiff asserts a claim for unjust enrichment in Count V of the Complaint. This claim fails for multiple reasons. First, unjust enrichment does not apply where "there is a specific contract that governs the relationship of the parties[.]" *Toulon v. Cont. Cas. Co.*, 877 F.3d 725, 742 (7th Cir. 2017) (applying Illinois law). An insurance policy is such a contract that bars an unjust enrichment claim as a matter of law. *Id.* ("There is no question that a contract for insurance governs the relationship between" the parties).

Second, unjust enrichment "does not constitute an independent cause of action." *Toulon* at 741. Where underlying claims for fraud or violation of the ICFA fail as a matter of law, a claim for unjust enrichment fails as well. *Id.* at 742 ("Because Toulon's ICFA claim, as well as her claims for fraudulent misrepresentation and fraudulent concealment, were all properly dismissed, the district court correctly dismissed her unjust enrichment claim"); *see also Kurth v. Hertz Corp.*, 2018 WL 5298531 at*4 (N.D. Ill. Oct. 24, 2018) (same).

Third, unjust enrichment requires the conferral of a benefit to Depositors and to Plaintiff's detriment. *Stephen & Hayes Constr., Inc. v. Meadowbrook Homes, Inc.*, 988 F.Supp. 1194, 1200 (N.D. Ill. 1998). Plaintiff has failed to allege any such benefit to Depositors or detriment to Plaintiff. To the contrary, Plaintiff only has alleged that Depositors voluntarily refunded premiums to policyholders. This is a benefit *to Plaintiff*, not a detriment. Plaintiff's unjust enrichment claim should be dismissed as a matter of law.

### E. Plaintiff's Declaratory Relief Claim Fails As A Matter Of Law.

Plaintiff asserts a claim for declaratory relief in Count I of the Complaint. This claim is premised on the assertion that the premium refund was "unlawful" and "unfair." Compl. ¶¶ 30, 31. As discussed above, there is nothing unlawful or unfair whatsoever about the premium refund. Accordingly, Plaintiff's declaratory relief claim fails as a matter of law.

### F. Plaintiff's Claims Should Be Dismissed Under The Filed-Rate Doctrine.

In addition to Plaintiff's failure to allege the elements of his various claims, Plaintiff's claims also should be dismissed or stayed pursuant to the filed-rate doctrine. Specifically, the filed-rate doctrine "bars courts from altering filed rates, and by extension, prohibits a court from awarding a plaintiff damages based on the difference between a filed rate and an allegedly lawful rate." *Schilke v. Wachovia Mortg., FSB*, 820 F.Supp.2d 825, 835 (N.D. Ill. 2011). As this Court has noted, the filed-rate doctrine is applicable in the insurance context, and Illinois courts have applied it in cases involving insurance premium disputes. *See id.* at 836 (citing *Anzinger v. Ill. State Med. Inter-Ins. Exch.*, 144 Ill.App.3d 718 (1986)).

Here, Illinois law requires auto insurers to file their rates with the Illinois Department of Insurance ("DOI"), and to maintain rate data for review by the DOI's Property and Casualty Compliance Unit. *See* 50 IL Adm. Code 754.10 *et seq.* The DOI also has regulatory authority to "examine and investigate" whether any insurer "has been or is engaged . . . in any unfair or deceptive act or practice[.]" 215 ILCS 5/425. This regulatory authority includes the ability to conduct hearings, and issue cease and desist orders and other penalties. *See* 215 ILCS 5/425 to 5/431.

Illinois law also expressly prohibits rebates of insurance premiums. *See* 215 ILCS 5/151 ("Payment or acceptance of rebates prohibited"); 215 ILC 5/1407(a) ("No financial institution may offer a rebate on an insurance product in violation of Section 151 of this Code"). The DOI, in turn,

12

previously has indicated it will monitor and provide guidance to insurers regarding whether certain actions constitute an impermissible "rebate." *See, e.g.*, IL Bulletin No. 2012-11 at *4 (attached as Ex. A) ("The Department reserves the right to evaluate any given circumstance independently to determine whether the offer . . . would constitute an inducement or rebate").

Consistent with this regulatory framework, the Illinois DOI has publicly stated that insurers must file with the DOI their pandemic-related premium refund proposals:

> In many states, companies need approval from state insurance commissioners to provide customers with refunds. **Illinois Department of Insurance Director Robert Muriel** said Allstate has submitted its refund proposal and can issue them in the state. **Any other insurer doing so also must file with the state, he said.**

April 6, 2020 Chicago Sun Times, Auto Insurers Offer Refunds at p. 3 (copy attached as Ex. B) (emphasis added). In accordance with Illinois law and DOI Director Muriel's statements, Depositors in fact filed its premium refund proposal with the DOI on or about April 17, 2020. *See* Ex. C.[1] Depositors' submission was reviewed and marked as "Closed-Filed" by the DOI without objection. *Id.* at p.1. Plaintiff, however, now seeks to bypass the DOI's review of Depositors' premium refund proposal and is seeking to impose a different premium refund/rate through this lawsuit. This type of collateral attack on Depositors' rates is expressly prohibited by the filed-rate doctrine.[2]

---

[1] This Court can take judicial notice of the submission, which is publicly available through the SERFF Filing Access website: https://filingaccess.serff.com/sfa/home/il. *See Scan Top Ent. Co., Ltd. v. Winplus North America, Inc.*, 2015 WL 4945240 at *3 (N.D. Ill. Aug. 19, 2015) (judicial notice of information available on government website); *LaFerriere v. System Parking and Teamsters Local Union Local 727*, 2005 WL 8178316 at *1 (N.D. Ill. Aug. 22, 2005) (public records and materials referenced in complaint may be considered under rule 12(b)(6)).

[2] Depositors notes that, in one instance, the Illinois Court of Appeals has refused to apply the filed-rate doctrine to insurance disputes. *See Corbin v. Allstate Corp.*, 2019 IL App (5th) 170296 at ¶ 12. The *Corbin* case is contrary to the weight of authority and is not controlling authority. It also is factually distinguishable because it involved an allegation that the defendant insurer was

**IV.   Conclusion.**

Plaintiff has not identified any contractual, statutory or regulatory basis to challenge the premiums charged by Depositors, or to demand any further premium refund. Given the lack of any such legal basis, Plaintiff's claims unsurprisingly consist of nothing more than conclusory allegations unsupported by fact or law. Plaintiff's claims do not satisfy the heightened pleading standards of Rule 9(b), let alone the basic pleading requirements of *Iqbal* and *Twombly*. Accordingly, Plaintiff's claims all should be dismissed with prejudice as a matter of law.

Dated: November 11, 2020                                     Respectfully Submitted,

s/ *Jonathan M. Cyrluk*
Jonathan M. Cyrluk (ARDC #6210250)
Steven C. Moeller (ARDC #6290263)
Carpenter Lipps & Leland LLP
180 N. LaSalle Street, Suite 2105
Chicago, IL 60601
Direct: (312) 777-4820
Fax: (312) 777-4839
cyrluk@carpenterlipps.com
moeller@carpenterlipps.com

Michael H. Carpenter (*pro hac vice* forthcoming*)*
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Tel: (614) 365-4100
Fax: (614) 365-9145
carpenter@carpenterlipps.com

Aneca E. Lasley (*pro hac vice* forthcoming)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, OH 43215

---

using a "non-risk" related factor in determining rates. The court held that consideration of such a "non-risk" related factor did not involve any specialized expertise or knowledge of the DOI. *Id.* at ¶¶ 17-18. Here, in contrast, Plaintiff alleges that insurance claims have been reduced as a result of fewer miles being driven—plainly a risk-related factor within the DOI's expertise.

(614) 365-2700 (Phone)
(614) 365-2499 (Fax)
Aneca.Lasley@squirepb.com


Petrina A. McDaniel (*pro hac vice* forthcoming)
SQUIRE PATTON BOGGS (US) LLP
1230 Peachtree St NE, Suite 1700
Atlanta, Georgia 30309
Phone: 678-272-3207
Petrina.McDaniel@squirepb.com

*Attorneys for Defendant Depositors Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of November, 2020, a true and correct copy of the foregoing was served by electronic mail on the following persons via the Court's CM/ECF system:

> John S. Spadaro
> JOHN SHEEHAN SPADARO, LLC
> 54 Liborio Lane
> Smyrna, DE 19977
> Tel: (302) 235-7745
> jspadaro@johnsheehanspadaro.com
>
> *Attorney for Plaintiff Brian Arvans*

> *s/ Jonathan M. Cyrluk*
> Jonathan M. Cyrluk
> *One of the Attorneys for Defendant*
> *Depositors Insurance Company*