# EXHIBIT A

12-Person Jury

Hearing Date: 12/9/2020 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
Cook County, IL

FILED
8/11/2020 3:56 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

10067820

FILED DATE: 8/11/2020 3:56 PM    2020CH05342

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| BRIAN ARVANS, | )<br>) |
| Plaintiff, | )<br>)  Case Number: 2020CH05342<br>) |
| v. | )  **JURY TRIAL DEMANDED**<br>) |
| DEPOSITORS INSURANCE COMPANY | )<br>) |
| Defendant. | )<br>)<br>) |

## CLASS ACTION COMPLAINT

Plaintiff, Brian Arvans, by and through undersigned counsel and on behalf of himself and all other similarly situated, hereby submits this Class Action Complaint against defendant, Depositors Insurance Company, and in support thereof, states as follows:

### Nature of the Action

1. This action seeks class-wide relief for defendant Depositors Insurance Company's failure to provide fair and appropriate insurance premium relief to its Illinois auto policyholders in the midst of the COVID-19 pandemic.

2. This is a proposed class action brought on behalf of all Illinois residents who were auto insurance policyholders of defendant Depositors Insurance Company as of March 1, 2020, and who have thereafter continued to be Depositors Insurance Company auto policyholders.

### The Parties

9706

3. Plaintiff, Brian Arvans, is a resident of the State of Illinois, and a current auto insurance policyholder of defendant Depositors Insurance Company.

4. Defendant, Depositors Insurance Company ("Depositors"), is an Iowa corporation with offices at 1100 Locust Street, Des Moines, IA 50391. It is engaged in the business of insurance, and regularly sells automobile insurance in Illinois. Defendant is affiliated with Nationwide Corporation.

### Factual Background Applicable to the Proposed Class

5. Depositors is a prolific underwriter of automobile insurance in Illinois.

6. On information and belief, and throughout the entirety of the COVID-19 pandemic, Depositors has enjoyed a substantial share of the auto insurance market in Illinois. At all times relevant to this case, Depositors has derived substantial revenues and profits from the sale of auto insurance in Illinois.

### Jurisdiction and Venue

7. This Court has subject matter jurisdiction over the parties' controversy under Article VI, Section 9 of the Illinois Constitution.

9. Venue is proper in Cook County pursuant to ILCS 5/2-101 and 5/2-102 because Depositors is a resident of Cook County.

### The COVID-19 Pandemic and Its Relationship to Auto Insurance Premiums

10. COVID-19, short for "coronavirus disease 2019," is a novel, virus-borne, and potentially deadly respiratory illness. Since its emergence in late 2019, it has spread rapidly across the globe, reaching pandemic levels. On January 20, 2020, it was declared a "public health emergency of international concern" by the World

FILED DATE: 8/11/2020 3:56 PM 2020CH05342

2

Health Organization. A week later, the U.S. Secretary of Health and Human Services declared the virus a public health emergency in the United States.

11. COVID-19 is highly contagious and appears capable of spreading exponentially through transmission by persons who are symptomatic, asymptomatic, or pre-symptomatic.

12. As of the date of this complaint, the U.S. Centers for Disease Control and Prevention has recorded nearly 3.5 million cases of COVID-19, and over 135,000 COVID-related deaths, in the U.S. alone. Illinois, meanwhile, has thus far suffered over 7,000 COVID-related deaths.[1]

13. On March 9, 2020, Illinois Governor J.B. Pritzker issued the first of several Gubernatorial Disaster Proclamations with respect to the COVID-19 crisis. In that proclamation, Gov. Pritzker stated his finding, pursuant to Section 7 of the Illinois Emergency Management Agency Act, 20 ILCS 3305/7, that a disaster exists within the State of Illinois, and that "all counties in the State of Illinois" constitute "a disaster area."[2]

14. On March 13, 2020, Gov. Pritzker issued his COVID-related Executive Orders 2020-04 and 2020-05, ordering the cancellation of "all public and private gatherings in the State of Illinois of 1,000 or more people," (effective March 17, 2020)

---

[1] Https://coronavirus.illinois.gov/s/ (last visited July 16, 2020).

[2] Https://www2.illinois.gov/sites/gov/Documents/CoronavirusDisasterProc-3-12-2020.pdf (last visited July 16, 2020).

3

and closing "all public and private schools in Illinois serving pre-kindergarten through 12th grade students[.]"[3]

15. On March 16, 2020, Gov. Pritzker issued his COVID-related Executive Order 2020-07, ordering "all businesses in the State of Illinois that offer food or beverages for on-premises consumption — including restaurants, bars, grocery stores, and food halls" to "suspend service for and . . . not permit on-premises consumption."[4]

16. On March 20, 2020, Gov. Pritzker issued his COVID-related Executive Order 2020-10, requiring (with specified exceptions) "all individuals currently living within the State of Illinois" to "stay at home or at their place of residence," and ordering "all nonessential businesses and operations in Illinois to cease."[5]

17. The practical effect of the COVID-19 crisis and the State of Illinois' response thereto has been to dramatically empty Illinois' roads of vehicle traffic. Simply stated, with nonessential businesses closed, with schools closed, and with people forced by the exigencies of a public health crisis to shelter in place, Illinois residents are driving less frequently and less far.

---

[3] Https://www2.illinois.gov/Pages/Executive-Orders/ExecutiveOrder2020-04.aspx; https://www2.illinois.gov/Pages/Executive-Orders/ExecutiveOrder2020-05.aspx (last visited July 16, 2020).

[4] Https://www2.illinois.gov/Pages/Executive-Orders/ExecutiveOrder2020-07.aspx (last visited July 16, 2020).

[5] Https://www2.illinois.gov/Pages/Executive-Orders/ExecutiveOrder2020-10.aspx#:~:text=Stay%20at%20home%20or%20place,allowed%20in%20this%20Executive%20Order (last visited July 16, 2020).

4

18. According to data collected by the Consumer Federation of America ("CFA"), this COVID-driven reduction in "vehicle miles" traveled by Illinois residents has been quite pronounced throughout Illinois.[6] For example, the CFA reports that vehicle miles traveled in Illinois dropped by:

- 42% during the seven-day period from March 15, 2020 to March 21, 2020;
- 67% during the seven-day period from March 22, 2020 to March 28, 2020;
- 67% during the seven-day period from March 29, 2020 to April 4, 2020;
- 67% during the seven-day period from April 5, 2020 to April 11, 2020;
- 68% during the seven-day period from April 12, 2020 to April 18, 2020; and
- 64% during the seven-day period from April 19, 2020 to April 25, 2020.

19. When fewer people drive fewer miles, fewer motor vehicle accidents — and, therefore, fewer auto insurance claims — are the result. The COVID-19 pandemic has thus led to a dramatic reduction in Illinois auto insurance claims. This profound drop in auto insurance claims (as compared to pre-COVID levels) will almost certainly continue for the foreseeable future, and for as long as the COVID crisis continues.

---

[6] The Consumer Federation of America is a nonprofit association of over 250 consumer groups. Part of the Center for Economic Justice, the CFA works to advance the interests of consumers through research, advocacy, and education.

20. In particular, the COVID-19 pandemic has led to a dramatic reduction in the number of Illinois auto insurance claims that have been submitted and will be submitted to Depositors.

21. Personal insurance rates are set to cover future expected claims and expenses. Auto insurers develop such rates by extrapolating from recent historical experience with premium payments, claims submitted, claim settlement expenses, and non-claim selling and administrative expenses, and then projecting future claims and costs from that data.

22. As a result of COVID-19 restrictions, auto insurers' (including Depositors) assumptions about future claims in Illinois became dramatically overstated when, in mid-March of 2020, the state's roads emptied, and the frequency of motor vehicle accidents and insurance claims dropped precipitously and immediately. This rendered the premiums charged by Depositors to its Illinois policyholders grossly excessive, not only for new policyholders going forward, but also for existing policyholders whose premiums were based on the overstated and obsolete claim projections.

### Depositors' Wrongful Conduct

23. Recognizing the windfall in premiums that the auto insurance industry will reap as a result of COVID-19, many auto insurers have provided premium relief to their policyholders. For example, the State Farm companies, which possess the largest market share for auto insurance in the U.S., have given their auto

6

FILED DATE: 8/11/2020 3:56 PM 2020CH05342

policyholders a 25% credit on premiums for the period from March 20, 2020 to May 31, 2020.

24. By contrast, the premium relief offered by Depositors to its Illinois policyholders has been grossly inadequate and designed to secure for Depositors an unearned and unfair windfall.

25. Specifically, in statements posted on its website (and still shown on that website as of the filing of this complaint), Depositors, as a Nationwide Company, offered a one-time premium refund of $50 per policy for personal auto policies active as of March 31, 2020. This, however, is inadequate as the COVID-19 crisis has rendered the premiums paid for these existing policies grossly excessive. An arbitrary $50 credit falls far short of the relief that any fair and reasonable actuarial analysis would require.

26. Depositors' premium relief compares unfavorably to all or substantially all of the premium-relief programs established by other Illinois auto insurers in response to the COVID-19 crisis.

### Class Certification Allegations

27. Brian Arvans brings this action on behalf of himself and all others similarly situated, as representative of the following proposed classes: All Illinois residents who were auto insurance policyholders of defendant Depositors as of March 1, 2020, and who have thereafter continued to be Depositors auto policyholders.

28. This action is brought and may properly be maintained as a class action pursuant to 735 ILCS 5/2-801 because:

a. The proposed class is so numerous that the individual joinder of all absent class members is impracticable. While the exact number and identities of proposed class members is presently unknown, and can only be determined through investigation and discovery, plaintiff is informed and believes that the proposed class includes over 1,000 members.

b. There are questions of fact or law common to each member of the proposed class, and these common questions predominate over any questions affecting only individual members. Such common questions include:

i. Whether each member of the proposed class was a policyholder under an existing Depositors auto insurance policy as of March 1, 2020, and has since continued to be a Depositors policyholder;

ii. Whether each member of the proposed class has been offered or provided with the inadequate premium relief described in paragraph 25 above;

iii. Whether the fairness and/or reasonableness of Depositors' program of premium relief, as described in paragraph 25 above, is governed by the terms of its auto policies;

iv. Whether Depositors' offer or provision of premium relief, as described in paragraph 25 above, constitutes an unfair or deceptive act or practice;

v. Whether Depositors implemented its offer of premium relief, as described in paragraph 25 above, with the expectation that others would rely upon any misrepresentation, or any concealment or omission of material fact, subsumed within such offer;

vi. Whether Depositors 'program of premium relief, as described in paragraph 25 above, is unfair and/or unreasonable;

vii. Whether Depositors' program of premium relief, as described in paragraph 25 above, constitutes a breach of the implied covenant of good faith and fair dealing contained in each of the company's Illinois auto policies;

viii. Whether Depositors' program of premium relief, as described in paragraph 25 above, results in unjust enrichment to Depositors; and

ix. Whether Depositors owes greater COVID-related premium relief to its Illinois auto policyholders.

c. The plaintiffs will fairly and adequately protect the interests of the proposed class.

d. Class-wide resolution of the dispute is an appropriate method for the fair and efficient adjudication of the proposed class's controversy with Depositors.

## COUNT I

### Declaratory Relief

29. Plaintiff, Brian Arvans, on behalf of himself and all others similarly situated, repeats and incorporates by reference the allegations set forth in paragraphs 1 through 28 above.

30. Depositors' program of premium relief, as described in paragraph 25 above, unlawfully deprives its Illinois auto policyholders of the full and fair COVID-related premium relief to which they are entitled.

9

31. Depositors' program of premium relief, as described in paragraph 25 above, is designed to secure for Depositors, and has secured and will continue to secure for Depositors, an unfair windfall at the expense of Depositors' s Illinois auto policyholders.

32. Depositors' program of premium relief, as described in paragraph 25 above, is unlawful.

33. An actual controversy of a justiciable nature exists between the plaintiff, on behalf of himself and all others similarly situated (on the one hand) and Depositors (on the other), concerning the parties' rights and obligations with respect to Depositors' program of COVID-related premium relief.

34. The controversy is of sufficient immediacy to justify the entry of a declaratory judgment.

35. An award of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## COUNT II

### Illinois Consumer Fraud and Deceptive Business Practices Act

36. Plaintiff Brian Arvans, on behalf of himself and all others similarly situated, repeats and incorporates by reference the allegations set forth in paragraphs 1 through 35 above.

37. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") makes unlawful:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception,

> fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965,1 in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

38. In making its offer of premium relief, Depositors represented to its Illinois auto policyholders (implicitly, if not explicitly) that such offer is fair and reasonable, when in fact it is neither.

39. In making its offer of premium relief, Depositors concealed from its Illinois auto policyholders, or omitted to share with such policyholders, the inadequacy and unfairness of that offer. Depositors engaged in such conduct with the intent that others rely upon such concealment and/or omission.

40. In making its offer of premium relief, Depositors concealed from its Illinois auto policyholders, or omitted to share with such policyholders, the fact that such offer compares unfavorably to the COVID-19 premium relief offered by all or substantially all other Illinois auto insurers. Depositors engaged in such conduct with the intent that others rely upon such concealment and/or omission.

41. In making its offer of premium relief, Depositors expressly represented to its Illinois auto policyholders that "the well-being of our customers and employees is always our top priority… [W]e'revhere to help in tough times, as we've done for over 100 years.." Depositors engaged in such conduct with the intent that others rely upon such concealment and/or omission.

42. The facts concealed or omitted by Depositors, as alleged within this Count II, were and continue to be material facts in the context alleged herein.

43. Depositors' conduct, as alleged above, is in violation of 815 ILCS 505/2.

44. As a direct result of Depositors' violation of 815 ILCS 505/2, plaintiff, Brian Arvans, on behalf of himself and all others similarly situated have been deprived of the COVID-related premium relief to which they are fairly and lawfully entitled.

## COUNT III

## COMMON LAW FRAUD

45. Plaintiff, Brian Arvans, on behalf of himself and all others similarly situated, repeats and incorporates by reference the allegations set forth in paragraphs 1 through 44 above.

46. In making its offer of premium relief, Depositors represented to its Illinois auto policyholders (implicitly, if not explicitly) that such offer is fair and reasonable, when in fact it is neither. Depositors engaged in such conduct with the intent that its existing Illinois auto policyholders rely upon such representation.

47. In making its offer of premium relief, Depositors concealed from its Illinois auto policyholders, or omitted to share with such policyholders, the inadequacy and unfairness of that offer. Depositors engaged in such conduct with the intent that its existing Illinois auto policyholders rely upon such concealment and/or omission.

48. In making its offer of premium relief, Depositors has concealed from its Illinois auto policyholders, or omitted to share with such policyholders, the fact that such offer compares unfavorably to the COVID-19 premium relief offered by all or

substantially all other Illinois auto insurers. Depositors engaged in such conduct with the intent that its existing Illinois auto policyholders rely upon such concealment and/or omission.

49. In making its offer of premium relief, Depositors expressly represented to its Illinois auto policyholders that "our focus is on our members, not shareholders. We balance doing what's right for our members while maintaining our position of financial strength to ensure we deliver on our promises to our members." Moreover, Depositors, stated that the "one-time payment of $50 per policy, which is equivalent to an average savings of 15 percent for two months." Depositors engaged in such conduct with the intent that its existing Illinois auto policyholders rely upon such representations.

50. The facts represented, concealed, or omitted by Depositors, as alleged within this Count III, were and continue to be material facts in the context alleged herein.

51. In making its offer of premium relief, Depositors knew or believed that its representations and/or omissions, as alleged within this Count III, were false and/or deceptive.

52. Depositors' existing auto policyholders, including plaintiff, justifiably relied on the express and/or implied representations subsumed within the company's offer of premium relief.

53. In addition, under the facts as alleged herein, such justifiable reliance is presumed.

13

54. As a direct result of Depositors' acts of common law fraud, plaintiff, Brian Arvans on behalf of himself, and all others similarly situated, have been deprived of the COVID-related premium relief to which they are fairly and lawfully entitled.

## COUNT IV

### Bad-Faith Breach of Contract

55. Plaintiff, Brian Arvans, on behalf of himself and all others similarly situated, repeats and incorporates by reference the allegations set forth in paragraphs 1 through 54 above.

56. Each existing Depositors auto insurance policy in the State of Illinois contains an implied covenant of good faith and fair dealing.

57. By undertaking to (ostensibly) provide its Illinois auto policyholders with COVID-related premium relief, while limiting such relief in a manner that is grossly inadequate, grossly unfair, and designed to secure a windfall for Depositors at the expense of such policyholders, Depositors has breached the implied covenant of good faith and fair dealing contained within each such policyholder's Illinois auto policy.

58. As a direct result of Depositors' bad faith breach of contract, plaintiff Brian Arvans, on behalf of himself and all others similarly situated, have been deprived of the COVID-related premium relief to which they are fairly and lawfully entitled.

## COUNT V

### Unjust Enrichment

59. Plaintiff, Brian Arvans, on behalf of himself, and all others similarly situated, repeats and incorporates by reference the allegations set forth in paragraphs 1 through 58 above.

60. By engaging in the conduct alleged herein, Depositors has unjustly retained a benefit to the detriment of its existing Illinois auto policyholders. Depositors' retention of such benefit violates fundamental principles of justice, equity, and good conscience.

60. To the extent that Depositors' conduct as alleged herein is not governed by any express contract, Plaintiff, Brian Arvans, on behalf of himself and all others similarly situated are properly entitled to recover from Depositors for Depositors' unjust enrichment in connection with its program of COVID-related premium relief.

WHEREFORE, Plaintiff, Brian Arvans, on behalf of himself and all others similarly situated respectfully request that this Court enter judgment as follows:

a. Entering an Order certifying the plaintiff class, appointing plaintiff as representative of that class, and appointing plaintiff's counsel to represent the class, all pursuant to ILCS 5/2-101 and 5/2-102;

b. Declaring the parties' rights, duties, status or other legal relations;

c. Entering the judicial declarations sought by this complaint;

d. Awarding compensatory damages to plaintiff and all others similarly situated for Depositors' acts of statutory consumer fraud and/or common law fraud;

FILED DATE: 8/11/2020 3:56 PM 2020CH05342

f. Awarding compensatory damages to plaintiff and all others similarly situated for Depositors' bad-faith breach of contract;

g. Awarding compensatory damages to plaintiff and all others similarly situated for Depositors' unjust enrichment;

h. Awarding to plaintiff and all others similarly situated all costs of this action; and

i. Awarding such other and further relief as this Court deems just and appropriate.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues herein so triable.

Dated: August 11, 2020                    Respectfully Submitted,

By:/s/ *Antonio M. Romanucci*
            Attorney for the Plaintiff

Antonio M. Romanucci
David A. Neiman
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
dneiman@rblaw.net

Of Counsel:

John S. Spadaro
**JOHN SHEEHAN SPADARO, LLC**
54 Liborio Lane
Smyrna, DE 19977
(302)235-7745

16